JjPER CURIAM.
Granted. The decision of the court of appeal in State in the Interest of B.J., 04-1712 (La.App. 1st Cir.12/30/04), 890 So.2d 37 (unpub’d) is reversed and the disposition order entered by the juvenile court is amended to provide for concurrent, not consecutive, terms of six months in the custody of the Department of Public Safety and Corrections.
The state charged relator in a delinquency petition with various misdemeanor-grade acts apparently stemming from a single incident in Baton Rouge at the end of 2003. Following relator’s admission to the acts of possession of a firearm in violation of La.R.S. 14:95.8, and possession of marijuana, La.R.S. 40:966(C), the Juvenile Court for East Baton Rouge Parish entered a disposition order committing him to the custody of the Department of Public Safety and Corrections for consecutive terms of six months. Relator appealed to the First Circuit on grounds that if he had been tried and punished as an adult, La. C.Cr.P. art. 493.1 would have capped his total punishment at six months in prison because the state had charged the misdemeanor-grade acts in a single written accusation. In rejecting relator’s argument, the court of appeal reasoned that “[because] a | ¡.juvenile has no right to a jury trial .... there was no reason to incorporate a provision similar to the misdemean- or joinder rule of La.C.Cr.P. art. 493.1 into the Louisiana Children’s Code, and the restriction authorized by La.C.Cr.P. art. 493.1 simply has no application in a juvenile proceeding.” State in the Interest of B.J., 04-1712 at 4 (citing State in the Interest of D.J., 01-2149 (La.5/14/02), 817 So.2d 26); cf. State v. McCarroll, 337 So.2d 4751 (La.1976)(total punishment of more than six months imprisonment in the case of several misdemeanors joined in a single prosecution determines the right to a jury trial).
The court of appeal erred. Louisiana’s Children Code specifically provides for the joinder of two or more delinquent acts in the same delinquency proceedings whether based upon felony or misdemeanor offenses if the acts are of the same or similar character or constitute parts of the same transaction. La.Ch.C. art. 845(C). However, the Children’s Code, while authorizing the confinement of a juvenile in the custody of the Department of Public Safety and Corrections following a misdemean- or-grade delinquency adjudication, La. Ch.C. art. 899(C), does not provide for any specific terms of custody. Instead, the Code states generally for misdemean- or-grade adjudications that “[n]o judgement of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the offense which forms the basis for the adjudication.... ”
The Code thus expressly addresses the custodial disposition only of a single misdemeanor-grade delinquent act and does not provide a rule for delinquency adjudications based on several misdemeanor-grade acts charged in different counts in the same petition under the authority of La. Ch.C. art. 845(C). Under these circumstances, La.Ch.C. art. 803 directs that *394 “[w]here procedures are not provided in this Title, or otherwise by this Code, the court shall proceed in accordance with | athe Code of Criminal Procedure.” Applying the mandate of La.Ch.C. art. 803, the .court of appeal in the present case looked to the provisions of La.C.Cr.P. art. 883, which generally authorize concurrent sentences for crimes, whether felonies or misdemeanors, committed in the same transaction but also permit a trial court to impose consecutive sentences if circumstances so warrant. The court of appeal viewed La.C.Cr.P. art. 883 as a more specific sentencing provision than La.C.Cr.P. art. 493.1 and thus determined that it provides the correct rule of disposition in relator’s case. State in Interest of B.J., 04-1712 at 5 (“The juvenile advances no support for his contention that the misdemeanor joinder rule of La.C.Cr.P. art. 493.1 applies to his situation instead of the more specific provision of La.C.Cr.P. art. 883, and we have found none.”).
However, we think it clear that the two sentencing provisions of La.C.Cr.P. art. 493.1 and La.C.Cr.P. art. 883 do not conflict and that, in any event, the former, as the later expression of legislative intent, see 1983 La. Acts 149, and not the latter, enacted by 1977 La. Acts 397, provides the more specific sentencing, rule applicable to relator’s case. State ex rel. Bickman v. Dees, 367 So.2d 283, 291 (La.1978)(“Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible, but that if there is a conflict the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.”) (citations omitted). Under the authority of La.C.Cr.P. art. 883, a trial judge in the case of misdemeanor offenses arising out of the same transaction and charged in the same bill of information may impose consecutive sentences, just as the court may in any other case, felony or misdemeanor, but La.C.Cr.P. art. 493.1 specifically limits the 14defendant’s overall sentencing exposure in the particular circumstance of, joined misdemeanor offenses to a total of six months in jail.
Our decision in State in the Interest of D.J. buttresses a determination here that courts should accord identical treatment to juvenile as well as adult offenders under the circumstances of the present case. In holding that juveniles charged with serious delinquent acts still have no right to a jury trial despite the increasingly punitive focus of the Children’s Code, we observed that “there remains a great disparity in the severity of penalties faced by a juvenile charged with delinquency and an adult defendant charged with the same crime.” Id., 01-2149 at 10, 817 So.2d at 33. The disparity reflects the stated public policy of Louisiana that “commitment of a juvenile to the care of the [Department of Corrections] is not punitive nor in anywise to be construed as a penal sentence, but as a step in the total treatment process toward rehabilitation of the juvenile,” La. R.S. 15:906(A)(2).” We are therefore particularly reluctant to endorse any rule by which a juvenile offender may serve more time in the custody of the state than would an adult offender under similar circumstances because that result does not further the strong commitment of Louisiana to the rehabilitation of juvenile offenders.
Accordingly, the judgment of the court of appeal is vacated and the disposition order of the juvenile court, as herein amended to provide for concurrent and not consecutive terms of custody, is hereby affirmed.